UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ERWIN EMANUEL FOX, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV408-100 |
| | ) | [underlying CR406-255] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Erwin Fox, currently incarcerated at USP Coleman in Florida, has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 3.) As the motion is premature, it should be **DENIED**.

On May 14, 2007, Fox entered a negotiated guilty plea to carjacking and possession of a firearm and ammunition by a convicted felon. (Cr. Docs. 17 & 19.) Based upon a criminal history category of VI (career offender), the United States Sentencing Guidelines recommended a

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV408-100. "Cr. Doc." refers to documents filed under movant's criminal case, CR406-255.

sentence in the range of 151 to 188 months' imprisonment. (Doc. 3 at 2.) The district judge sentenced Fox at the low end of the guidelines: 151 months' imprisonment as to count 1 and 120 months' imprisonment as to count 2, to be served concurrently; three years' supervised release; and $17,673.93 in restitution. (Cr. Doc. 20.)

Fox is currently seeking state habeas relief to vacate several prior state convictions. (Doc. 1 Attach. at 1.) If he is successful in vacating his state convictions, he hopes to be resentenced in this Court based upon a lower criminal history category, as permitted by United States v. Walker, 198 F.3d 811 (11th Cir. 1999). (Id.) Fearing that a future § 2255 motion would be untimely if he were to wait until the state proceedings are complete, he filed the present motion to preserve his right to relief. (Id.) His motion, however, is premature, as he admits that the state convictions have not yet been vacated. (Id. at 1-2.) Furthermore, he is laboring under a reasonable misunderstanding of the law. Section 2255's one-year statute of limitations generally begins to run from the time a conviction becomes final. 28 U.S.C. § 2255(f)(1). But when a prisoner successfully vacates a state conviction that was relied upon at sentencing in federal court, the

limitations period begins to run "when a petitioner receives notice of the order vacating the prior conviction, provided that he sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." Johnson v. United States, 544 U.S. 295, 298 (2005) (applying § 2255 (f)(4)); Rivers v. United States, 416 F.3d 1319, 1322 (11th Cir. 2005). Consequently, if Fox is successful in challenging his state convictions, he may seek relief in this Court within one year of the vacatur regardless of the date on which his federal conviction became final, so long as he sought the vacatur with "due diligence." Rivers, 416 F.3d at 1322.

For the reasons explained above, Fox's motion should be **DISMISSED** as premature. In the event Fox is successful in overturning the predicate state convictions, he may seek § 2255 relief at that time.

**SO REPORTED AND RECOMMENDED** this 30th day of June, 2008.

/s/ G.R. Smitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA