IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERWIN EMANUEL FOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. CV408-100 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] The Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**.

While there is generally a one-year period of limitation for filing a § 2255 petition, 28 U.S.C. § 2244(d)(1), that one-year period excludes any length of time where a petitioner has a properly filed habeas petition pending in state court. 28 U.S.C. § 2244(d)(2). For example, if a defendant is found guilty in state court, but files a petition for habeas relief in state court one week later, the defendant would have fifty-one weeks after the state court grants or denies his petition to file a habeas

---

[1] In addition to his objections, this Court has considered Petitioner's "Traverse to Government's Response." (Doc. 7.)

petition in federal court. Should Petitioner be successful in overturning his state convictions, he may seek relief under § 2255 by filing his petition at that time.

SO ORDERED this 8th day of October, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA